**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| INTERNET CORPORATIVO S.A. de C.V. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2322 |
| | § | |
| BUSINESS SOFTWARE ALLIANCE, | § | |
| INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Internet Corporativo S.A. de C.V. ("InterCorp") has moved this court to reconsider its dismissal of Intercorp's claims against defendants Business Software Alliance ("BSA") and Microsoft Corp. and its denial of leave to amend. (Docket Entry No. 28). Defendants oppose reconsideration. (Docket Entry Nos. 31, 32). Based on the motion and responses, the parties' submissions, and the applicable law, this court denies InterCorp's motion for reconsideration, for the reasons set out below.

**I.   Background**

This court's memorandum and opinion of November 15, 2004 contains the history of this dispute in a detail that is not required here. Briefly, InterCorp had conducted an internet commerce and service business in Mexico since 1995. In this suit, InterCorp alleged that in early May 2000, defendants filed a complaint with the Mexican Institute of Intellectual

Property ("IMPI"), accusing InterCorp of using unlicensed software. The complaint triggered a "raid" of InterCorp's Mexico City offices by IMPI officials, who impounded InterCorp's computers. This event led to unwanted publicity for InterCorp that also affected its business. Over four years later, on June 16, 2004, InterCorp sued defendants, alleging state and federal antitrust violations and asserting several common law torts. The complaint also alleged, alternatively, that defendants violated Mexican law, without specifying what acts violated what provisions of that country's law.

 Defendants moved to dismiss. This court granted the motions, finding that limitations barred all of InterCorp's domestic law claims for antitrust violations, breach of contract, malicious civil prosecution, business disparagement, tortious interference with existing and prospective contractual relations, and negligence and gross negligence. InterCorp had, in the alternative, alleged that "Defendants acted illicitly or against good customs and habits," violating the Mexican Commercial Code by tortiously interfering with InterCorp's business relations and unlawfully attempting to obtain payment of fraudulent licensing fees. Defendants objected that InterCorp had not pleaded any specific cause of action. InterCorp responded that it "simply invokes the applicable Mexican law, should the Court find that Mexican law applies." (Docket Entry Nos. 11, p. 24–25; Docket Entry No. 22, p. 24). InterCorp also stated that it "has amended its Complaint to set out these claims in more detail." Despite this statement and other assertions of an intent to file an amended pleading, InterCorp failed to file an amended complaint. This court granted the motions to dismiss, noting InterCorp's repeated, unfulfilled promises to amend its complaint. This court

dismissed the claims under Mexican law as inadequately pleaded and denied leave to amend as futile. InterCorp only then filed a motion for leave to amend, along with its motion for reconsideration.

**II.    Analysis**

"A motion to reconsider an order . . . is appropriate when the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in controlling law, or when other highly unusual circumstances exist." *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir.).

In its motion for reconsideration, InterCorp seeks again to amend its complaint to add its proposed claims under Mexican law, and asks this court to reconsider its ruling denying InterCorp leave to file an amended complaint.[1] InterCorp attached a proposed amended complaint outlining its claims in more detail. In the proposed amended complaint, InterCorp claims that defendants violated article 1912 of the Codigo Civil para el Distrito Federal ("CCDF"). That statute has a two-year statute of limitations, set out in article 1934 of the CCDF. InterCorp argues that its claims are not barred by limitations under Mexico law, "which in this particular case should be the limitations statute applied by the Court under Texas choice-of-law rules." (Docket Entry No. 30, p. 2). According to InterCorp, under Mexican law, the limitations period did not begin to run until after the IMPI announced a decision, which was on June 17, 2002. Because InterCorp "filed its lawsuit within two years

---

[1] In the alternative, InterCorp asks that the court modify its order and provide that the dismissal of InterCorp's alternative Mexico law claim is without prejudice. (Docket Entry No. 30, p. 4).

of the relevant I.M.P.I. decision, suit is timely filed pursuant to Article 1934 of the C.C.D.F." (Docket Entry No. 30, p. 3).

In response, defendants argue that InterCorp's motion is procedurally and substantively flawed. Because this court entered a final judgment against InterCorp on November 15, 2004, defendants argue that InterCorp could obtain relief from that judgment only by filing a motion to alter or reopen the judgment under Rules 59(e) or 60 of the Federal Rules of Civil Procedure. Defendants argue that unless InterCorp can point to new arguments unavailable to it before the entry of final judgment, its motion must be denied. Defendants also argue that InterCorp's claim based on Mexico's CCDF is barred for the same reasons that its antitrust and tort claims were barred. As this court explained in its previous opinion, even when a court applies another jurisdiction's substantive law, federal courts sitting in diversity typically use the limitations periods of the forum state, if that state views limitations periods as procedural. Subject to an exception inapplicable here, Texas limitations law would apply and bar even claims under Mexican law.

This court agrees with defendants that InterCorp's claims are barred procedurally and on the merits. Under Fifth Circuit law, a plaintiff may amend a complaint under Rule 15(a), with leave of the court, "if the district court dismissed only the plaintiff's *complaint*, not his or her *action*." *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992) (emphasis in original). This court's memorandum and opinion and order clearly dismissed InterCorp's action. *See id.* (noting an order dismisses an action "when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with

express denial of leave to amend—or when circumstances otherwise indicate that no amendment is possible—e.g., when the limitations period has expired."). This court's memorandum and opinion and order of dismissal contained all three elements: dismissal with prejudice, an express denial of leave to amend, and an indication that the limitations period had expired. InterCorp does not have the opportunity to amend its pleading without leave of the court.

Because this court entered a final judgment, InterCorp may request leave to amend "by either appealing the judgment or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Although InterCorp styled its motion as one for reconsideration, this court must, under Fifth Circuit authority, treat the postdismissal motion as one under Rule 59(e). *Id.* InterCorp has not presented any new information justifying reopening the judgment and permitting amendment. This court repeatedly questioned counsel for InterCorp at a hearing as to what, if anything, it would allege if permitted to replead. Nothing InterCorp identified would have avoided the limitations bar apparent on the face of its complaint. InterCorp's proposed amended complaint contains nothing that was unavailable before this court dismissed the action. *See id.* at 865 (failure to raise new facts that were not available previous to the district court's opinion supports denial of leave to amend).

As defendants point out, the only new part of InterCorp's proposed amended complaint is a reference to a judicial decision from the Suprema Corte de Justicia de la Nacion ("SCJN"), Mexico's "equivalent to the Supreme Court of the U.S." (Docket Entry

No. 30, p. 2 n.1). That decision was published in May 2004 and apparently translated for InterCorp in September 2004, well before this court dismissed InterCorp's action. Because this SCJN decision was available to InterCorp before this court granted dismissal—indeed, before this court questioned counsel on the specifics of any proposed amended complaint—it is not an appropriate basis on which to permit InterCorp to amend its complaint.

Even if this court permitted InterCorp to amend its complaint, it is not at all clear that its claims under Mexican law would avoid the limitations bar. InterCorp acknowledges that federal courts normally apply the limitations period from the forum state. InterCorp urges an exception for statutes that create a right of action and incorporate an express limitation on the time within which the suit may be brought. *See California v. Copus*, 309 S.W.2d 227, 230 (Tex. 1958). InterCorp argues that Mexico's civil code, Article 1934 of the CCDF, establishes such a right of action and incorporates an express limitations period. Because Article 1934 "is a part of the same Chapter of the CCDF as" Article 1912, Article 1934 "is the applicable statute of limitations for InterCorp's alternative Mexico law claims." (Docket Entry No. 30, p. 3).

The limitations period set out in Article 1934 is two years. When InterCorp filed its complaint, nearly four years had already elapsed from the date defendants allegedly filed the disputed IMPI complaint. InterCorp argues that its cause of action did not accrue until the IMPI dismissed the complaint against InterCorp on June 17, 2002. InterCorp cites to the SCJN case referred to in the proposed amended complaint and argues that this case establishes that an IMPI decision "is a prerequisite to a civil action for damages arising out

of or related to the IMPI proceeding."  InterCorp claims that because it could not have brought an action against defendants before the June 2002 IMPI decision, the statute of limitations would not begin to run until that point.  InterCorp filed its complaint within two years from that date, on June 16, 2004.

The exception for substantive statutes that incorporate a limitations period applies only if the statute creates new rights not existing at common law.  Article 1912, according to InterCorp, authorizes a civil damages action "resulting from one party's exercise of a right that is exercised so as to cause injury to another."  (Docket Entry No. 30, p. 2).  InterCorp provides no basis to conclude that this is a new right not existing at common law.  InterCorp itself conceded that the claims it sought to bring under Mexican law were "essentially intentional tort type claims."  Tr. at 47.  The substantive statute of limitations exception is also unavailable to InterCorp because the limitations statute it cites establishes a general limitations period applicable to all tort claims, and not only to the specific torts that InterCorp alleges.  "A general limitations referencing the statutory cause of action will be considered merely procedural."  12 TEX. JUR. 3D CONFLICT OF LAWS § 44 (2004); *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792–93 (Tex. 1974); *Hill v. Perel*, 923 S.W.2d 636, 639 (Tex. App.—Houston [1st Dist.] 1995 no writ) ("Only when the very statute that created a right of action incorporates an express limitation upon the time within which the suit could be brought is the statute of limitations considered substantive.").

Even if the statute of limitations InterCorp cites applied, that statute states that actions are barred "after two years from the date that the damage occurred."  The Fifth Circuit holds

that the damage from wrongful initiation of a lawsuit occurs when the lawsuit is filed. *Al George, Inc. v. Envirotech Corp.*, 939 F.2d 1271 (5th Cir. 1991). InterCorp has provided no cases indicating that Mexico follows a different rule. All InterCorp has provided is the May 2004 SCJN decision. Although InterCorp cites that decision for the proposition that an IMPI decision "is a prerequisite to a civil action for damages arising out of or related to the IMPI proceeding," defendants challenge this interpretation. The case "merely states that before one party can sue another for patent infringement, it must obtain a declaration from IMPI that its intellectual property rights were in fact infringed." (Docket Entry No. 32, p. 8). As defendants point out, the SCJN decision creates an exhaustion requirement for a patent plaintiff, and has nothing to do with tort claims alleging the wrongful initiation of an IMPI proceeding. Moreover, InterCorp itself alleged that its damages occurred immediately after the IMPI "raid," four years before InterCorp filed suit.

**III.   Conclusion**

InterCorp's motion for reconsideration is denied. InterCorp's alternative motion to modify this court's order to provide that the dismissal of the alternative Mexico law claims is without prejudice is denied.

SIGNED on May 6, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge